UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------- X

JOSE DE LA CRUZ URENA, on behalf of himself and all
others similarly situated,

                                    Plaintiff,

        - against -

MICHIGAN LOGISTICS, INC. d/b/a DILIGENT
DELIVERY SYSTEMS and NORTHEAST LOGISTICS,
INC. d/b/a DILIGENT DELIVERY SYSTEMS,

                                 Defendants.

------------------------------------------------------------------------- X

:  Case No.:

:  **CLASS AND COLLECTIVE**
:  **ACTION COMPLAINT**

      Plaintiff Jose De La Cruz Urena, ("Plaintiff" or "New York Class Representative"), on behalf of himself and all others similarly situated, by and through his attorneys Shulman Kessler LLP, complaining of the Defendants Michigan Logistics, Inc. d/b/a Diligent Delivery Systems and Northeast Logistics, Inc. d/b/a Diligent Delivery Systems (together "Defendants" or "Diligent"), allege as follows:

## PRELIMINARY STATEMENT

      1.    This lawsuit seeks to recover unpaid overtime compensation for Plaintiff and his similarly situated co-workers who have worked for Defendants in the State of New York as delivery drivers.

      2.    Defendants require their delivery drivers to deliver auto parts to stores located throughout the State of New York, as well as to other mechanics, including but not limited to gas stations and auto body shops, and require delivery drivers to work in excess of 40 hours per workweek without overtime compensation.

3.      Defendants Michigan Logistics, Inc. d/b/a Diligent Delivery Systems and Northeast Logistics, Inc. d/b/a Diligent Delivery Systems operate a business that's primary purpose is to hire delivery drivers to businesses nationwide.

4.      While employed by Defendants, Plaintiff and similarly situated co-workers consistently worked over 40 hours per week without receiving premium overtime pay for all the hours they worked in excess of 40 per workweek.  Throughout the relevant period, it was Defendants' policy to deprive Plaintiff and similarly situated co-workers of all of their earned overtime wages in violation of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL").  In order to avoid paying Plaintiff and similarly situated co-workers overtime premiums for all of the hours they worked in excess of 40 per workweek, Defendants misclassified their delivery drivers as exempt employees.

5.      Plaintiff brings this action on behalf of himself and all similarly situated current and former delivery drivers of Defendants pursuant to the FLSA.

6.      Plaintiff also seeks permission to give notice of this action pursuant to 29 U.S.C. § 216(b) to all persons who are presently, or have at any time during the 3 years immediately preceding the filing of this action, worked for Defendants as a delivery driver.

7.      Upon information and belief, Defendants require some delivery drivers to sign arbitration agreements requiring them to arbitrate their claims at the American Arbitration Association.

8.      Plaintiff did not sign an arbitration agreement with Defendants.  On multiple occasions, Plaintiff's counsel requested that Defendants provide a copy of any arbitration agreement purportedly signed by Plaintiff.  To date, Defendants have failed to provide same.

## JURISDICTION & VENUE

9.    Jurisdiction of the Court over this controversy is based upon 29 U.S.C. § 201, *et seq.*, 28 U.S.C. §§ 1331 and 1337 and the doctrine of supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

10.    This Court has jurisdiction over all state law claims brought in this action pursuant to 28 U.S.C. § 1367.

11.    Plaintiff resides in New York County and Defendants do business throughout New York State, including in New York and Westchester Counties.

12.    Accordingly, this action properly lies in the Southern District of New York, pursuant to 28 U.S.C. § 1391.

## THE PARTIES

*Plaintiff Jose De La Cruz Urena*

13.    Jose De La Cruz Urena is a resident of the New York County, State of New York.

14.    At all times relevant to the Complaint, Jose De La Cruz Urena was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e), and NYLL § 190(2).

15.    At all times relevant, Jose De La Cruz Urena was employed by Defendants as a delivery driver.

16.    Jose De La Cruz Urena has expressed his consent to make these claims against the Defendants by filing a written consent form, pursuant to 29 U.S.C. § 216(b).  (*See* Exhibit A).

*Defendant Michigan Logistics, Inc.*

17.     Upon information and belief, Defendant Michigan Logistics, Inc. was and still is a foreign corporation organized and existing pursuant to the laws of the State of Texas, and doing business in the State of New York.

18.     Upon information and belief, Defendant Michigan Logistics, Inc. maintains control, oversight, and direction over its operations and employment practices.

19.     Upon information and belief, Defendant Michigan Logistics, Inc. does business as Diligent Delivery Systems.

20.     At all times hereinafter mentioned, Defendant Michigan Logistics, Inc. was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), and N.Y. Lab. Law § 190(3).

21.     Defendant Michigan Logistics, Inc. employed employees, including Plaintiff herein, who regularly engaged in commerce or in the production of goods for commerce or in handling, selling or otherwise working on goods and materials which have moved in or been produced for commerce within the meaning of Section 3(b), (g), (i) and (j) of the FLSA, 29 U.S.C. § 203(b), (g), (i), (j), (r) & (s)(A)(i).

22.     Defendant Michigan Logistics, Inc.'s annual gross volume of sales made or business done is not less than $500,000 within the meaning of 29 U.S.C. § 203(s)(A)(ii).

23.     At all times hereinafter mentioned, the activities of the Defendant Michigan Logistics, Inc. constituted an "enterprise" within the meaning of Section 3(r) & (s) of the FLSA, 29 U.S.C. § 203(r) & (s).

***Defendant Northeast Logistics, Inc.***

24.     Upon information and belief, Defendant Northeast Logistics, Inc. was and still is a foreign corporation organized and existing pursuant to the laws of the State of Texas and authorized to do business in the State of New York.

25.     Upon information and belief, Defendant Northeast Logistics, Inc. maintains control, oversight, and direction over its operations and employment practices.

26.     Upon information and belief, Defendant Northeast Logistics, Inc. does business as Diligent Delivery Systems.

27.     At all times hereinafter mentioned, Defendant Northeast Logistics, Inc. was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), and NYLL § 190(3).

28.     Defendant Northeast Logistics, Inc. employed employees, including Plaintiff herein, who regularly engaged in commerce or in the production of goods for commerce or in handling, selling or otherwise working on goods and materials which have moved in or been produced for commerce within the meaning of Section 3(b), (g), (i) and (j) of the FLSA, 29 U.S.C. § 203(b), (g), (i), (j), (r) & (s)(A)(i).

29.     Defendant Northeast Logistics, Inc.'s annual gross volume of sales made or business done is not less than $500,000 within the meaning of 29 U.S.C. § 203(s)(A)(ii).

30.     At all times hereinafter mentioned, the activities of the Defendant Northeast Logistics, Inc. constituted an "enterprise" within the meaning of Section 3(r) & (s) of the FLSA, 29 U.S.C. § 203(r) & (s).

***Diligent***

31.     Diligent constitutes a unified operation.

32.     Diligent constitutes a common enterprise.

33.     Diligent has interrelated operations.

34.     Diligent has common management.

35.     Diligent has a centralized control of labor relations.

36.     Diligent has common ownership.

37.     Diligent shares employees such as Plaintiff.

38.     Diligent commingled funds with each other.

39.     Diligent constitutes a single employer.

40.     Diligent constitutes an integrated enterprise.

41.     At all relevant times, Diligent maintained control, oversight, and direction over Plaintiff and similar situated individuals, including timekeeping, payroll and other employment practices that applied to them.

42.     At all times hereinafter mentioned, Diligent was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), and NYLL § 190(3).

## FLSA COLLECTIVE ACTION CLAIMS

43.     Plaintiff brings the First Cause of Action, pursuant to the FLSA, 29 U.S.C. § 216(b), on behalf of himself and all similarly situated persons who work or have worked for Defendants as delivery drivers within the last 3 years and who elect to opt-in to this action.

6

44.    Upon information and belief, there are approximately more than 500 current and former delivery drivers that are similarly situated to Plaintiff who were denied overtime compensation.

45.    Plaintiff represents other delivery drivers, and is acting on behalf of Defendants current and former delivery drivers' interests as well as his own interests in bringing this action.

46.    Defendants unlawfully required Plaintiff and all individuals employed as delivery drivers to work in excess of 40 hours per week without paying them overtime compensation at a rate of at least 1 and ½ times their regular hourly rate.

47.    Plaintiff seeks to proceed as a collective action with regard to the First Cause of Action, pursuant to 29 U.S.C. § 216(b) on behalf of himself and the following class of persons:

> All delivery drivers who are currently or have been employed by the Defendants in New York State (hereinafter referred to as the "FLSA Collective") at any time during the 3 years prior to the filing of their respective consent forms (hereinafter referred to as the "Collective Period").

48.    Defendants were aware or should have been aware that the law required it to pay non-exempt employees, including Plaintiff and the FLSA Collective, an overtime premium of 1 and ½ times their regular rate of pay for all work-hours Defendants suffered or permitted them to work in excess of 40 per workweek.  Upon information and belief, Defendants applied the same unlawful policies and practices to their delivery drivers throughout the State of New York.

49.    The FLSA Collective is readily identifiable and locatable through the use of the Defendants' records.  The FLSA Collective should be notified of and allowed to opt-in to this action, pursuant to 29 U.S.C. § 216(b).  Unless the Court promptly issues such a notice, the FLSA Collective, who have been unlawfully deprived of overtime pay in violation of the FLSA, will be

unable to secure compensation to which they are entitled, and which has been unlawfully withheld from them by Defendants.

## FEDERAL RULE OF CIVIL PROCEDURE RULE 23
## NEW YORK CLASS ALLEGATIONS

50.     Plaintiff brings the Second, Third, Fourth, Fifth, and Sixth Causes of Action on his own behalf and as a class action, pursuant to Fed R. Civ. P. 23(a) and (b), on behalf of the following class of persons:

> All delivery drivers who are currently, or have been employed by the Defendants, in the State of New York at any time during the 6 years prior to the filing of this Complaint to the entry of the judgment in the case (hereinafter referred to as the "New York Class" and the "New York Class Period," respectively.)

51.     The persons in the New York Class are so numerous that joinder of all members is impracticable.  Although, the precise number of such persons is unknown, and facts on which the calculation of that number can be based are presently within the sole control of Defendants.

52.     Upon information and belief, the size of the New York Class is at least 50 individuals.

53.     The Second, Third, Fourth, Fifth and Sixth Causes of Action are properly maintainable as a class action under Fed. R. Civ. Pro. 23(b)(3).  There are questions of law and fact common to the New York Class that predominate over any questions solely affecting individual members of the New York Class, including but not limited to:

- whether the Defendants failed to keep accurate time records for all hours worked by the New York Class Representative and the New York Class;

- what proof of hours worked is sufficient where an employer fails in its duty to maintain true and accurate time records;

- whether the Defendants failed to pay proper compensation to New York Class Representative and the New York Class for all work-hours in excess of 40 per workweek in violation of and within the meaning of the NYLL Article 6, §§ 190 *et seq.* and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142;

- whether the Defendants unlawfully deducted money from the wages of the New York Class Representative and the New York Class in violation of NYLL § 193(1);

- whether Defendants failed to furnish the New York Class Representative and New York Class with an accurate statement of, *inter alia*, wages, hours worked, and rates paid as required by NYLL § 195;

- whether Defendants failed to furnish the New York Class Representative and New York Class with the annual notice required by NYLL § 195;

- the nature and extent of New York Class-wide injury and the appropriate measure of damages sustained by the New York Class Representative and the New York Class;

- whether Defendants acted willfully or with reckless disregarding in its failure to pay the New York Class Representative and the New York Class; and

- the nature and extent of class-wide injury and the measure of damages for those injuries.

54.     The New York Class Representative fairly and adequately protect the interests of the New York Class and has no interests antagonistic to the class.  The named Plaintiff is represented by attorneys who are experienced and competent in both class litigation and employment litigation.

55.     A class is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage-and-hour litigation where an individual

plaintiff lacks the financial resources to vigorously prosecute a lawsuit in federal court against the corporate defendant. The damages sustained by individual class members are small, compared to the expense and burden of individual prosecution of this litigation. Class action treatment will obviate unduly duplicative litigation and the possibility of inconsistent judgments.

56.    Further, the New York Class Representative and the New York Class have been equally affected by the Defendants' failure to pay proper wages. Moreover, members of the New York Class still employed by the Defendants may be reluctant to raise individual claims for fear of retaliation.

57.    Plaintiff's claims are typical of those of the New York Class. Plaintiff and the other New York Class members were subjected to Defendants' policies, practices, programs, procedures, protocols and plans alleged herein concerning the failure to pay proper wages and the failure to keep adequate records. Plaintiff's job duties are typical of those of the class members.

58.    A class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of wage litigation like the present action, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant. The members of the New York Class have been damaged and are entitled to recovery as a result of Defendants' common and uniform policies, practices, and procedures. Although the relative damages suffered by individual members of the New York Class are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

## **CLASS-WIDE FACTUAL ALLEGATIONS**

59.    Plaintiff and the members of the FLSA Collective and New York Class (collectively "Class Members") have been victims of Defendants' common policy and plan that has violated their rights under the FLSA and the NYLL by requiring delivery drivers to work in excess of 40 hours per week and denying them overtime compensation for all overtime hours worked.  At all times relevant, Defendants' unlawful policy and pattern or practice has been willful.

60.    All of the work performed by Class Members was assigned by Defendants and/or Defendants were aware of all the overtime work that Plaintiff and Class Members performed.

61.    Upon information and belief, Defendants have a policy and pattern or practice to require Plaintiff and Class Members to work in excess of 40 hours per week.

62.    Defendants unlawfully deducted money from Plaintiff and Class Members' wages.

63.    Defendants failed to furnish Plaintiff and Class Members with an accurate statement of, *inter alia*, wages, hours worked, and rates paid as required by NYLL.

64.    Defendants failed to furnish Plaintiff and Class Members with an initial hiring notice required by NYLL.

65.    As part of its regular business practice, Defendants intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy that violates the FLSA and the NYLL. Defendants' policy and pattern or practice includes but is not limited to:

- Willfully misclassifying their employees, including Plaintiff and Class Members as exempt from the FLSA and the NYLL;

- Willfully failing to record all of the time that their employees, including Plaintiff and Class Members, worked for the benefit of Defendants;

- Willfully failing to keep payroll records as required by the FLSA and the NYLL;

- Willfully failing to pay their employees, including Plaintiff and Class Members, overtime wages for all of the hours that they worked in excess of 40 per workweek;

- Willfully failing to pay their employees, including Plaintiff and Class Members, a minimum wage for all hours worked per workweek free of any unlawful kick-backs.

66.    Defendants were or should have been aware that the FLSA and the NYLL required it to pay their delivery drivers premium overtime pay for all hours worked in excess of 40 per week.

67.    Defendants' failure to pay Plaintiff and Class Members overtime wages for their work in excess of 40 hours per week was willful, intentional, and in bad faith.

68.    Defendants' unlawful conduct has been widespread, repeated, and consistent.

## INDIVIDUAL FACTUAL ALLEGATIONS

*Jose De La Cruz Urena*

69.    Plaintiff was employed by Defendants from in or about January 2016 to September 2016 as a delivery driver.

70.    Upon information and belief, some delivery drivers employed by Defendants were required to sign arbitration agreements.

71.    Plaintiff did not sign an arbitration agreement with Defendants.

12

72.    On multiple occasions, Plaintiff's counsel requested that Defendants provide a copy of any arbitration agreement purportedly signed by Plaintiff.  To date, Defendants have failed to provide same.

73.    Throughout Plaintiff's employment with Defendants, he was paid by Defendant Michigan Logistics, Inc.

74.     Plaintiff was an employee of Defendants, working under their direct supervision.

75.    Defendants assigned Plaintiff to the New Rochelle location of Big City Automotive located at 11 Cliff Street, New Rochelle, NY.

76.    Throughout Plaintiff's employment for Defendants, each workweek he was required to report to work in New Rochelle from approximately 8:00 A.M. until approximately 6:00 P.M. every Monday to Friday, and from approximately 8:00 A.M. until approximately 6:00 P.M. every Saturday.

77.    Throughout Plaintiff's employment for Defendants, he did not receive a break during the workday.

78.    Plaintiff was required to remain at the location that Defendants assigned him to during his workday, and only left his assigned location in order to complete his delivery duties for Defendants.

79.    Plaintiff was not permitted to engage in other employment during his regularly scheduled hours with Defendants.

80.    Plaintiff did not negotiate the rates of the deliveries he completed for Defendants.

81.     Defendants could discipline or relocate Plaintiff if he was not completing his duties in a satisfactory manner, for example if his deliveries took too long, or if Plaintiff was arriving to work late.

82.     Plaintiff did not have the opportunity to experience profit or losses as a result of his employment with Defendants.

83.     Plaintiff did not have an opportunity to invest in his business.

84.     Plaintiff was required to pay for his own workers' compensation insurance.

85.     Defendants did not provide Plaintiff with any training in order to complete his duties as a delivery driver.

86.     Defendants did not require Plaintiff to have any specific skills or take any independent initiative to perform his duties.

87.     Plaintiff did not perform services that are not outside the usual course of Defendants' business. Plaintiff's services are integral to Defendants' business.

88.     Plaintiff could not engage in an independent business given the full-time nature of his work for Defendants.  Plaintiff was dependent upon Defendants for his work and was unable to offer delivery services to other companies during his workday.

89.      At all times hereinafter mentioned, Plaintiff was required to be paid overtime pay at the statutory rate of 1 and ½ his regular rate of pay after he worked 40 hours in a workweek for Defendants.

90.     During most workweeks between January 2016 to September 2016, Plaintiff worked more than 60 hours per week for Defendants.

91.    From January 2016 to September 2016, Defendants failed to compensate Plaintiff for all of the time worked in excess of 40 hours per week at a rate of at least 1 and ½ times his regular hourly rate.

92.    Defendants made unlawful deductions from Plaintiff's wages of two dollars per workday for "administration fee" in order to offset Defendants' "compliance and administration" costs.

93.    Plaintiff was required by Defendants to use his own vehicle for deliveries and pay for all travel expenses that were necessary in order for him to complete his duties for Defendants such as expenses related to the maintenance of his vehicle and gasoline.

94.    From January 2016 to September 2016, Plaintiff was paid below the minimum wage because of the improper kick-backs by Defendants as a result of Defendants' failure to reimburse Plaintiff for travel expenses related to his employment for Defendants.

95.    Defendants failed to compensate Plaintiff at no less than the minimum wage rate for all hours worked throughout his employment for Defendants.

96.    Defendants failed to furnish Plaintiff with a wage notice upon being hired as required by the NYLL.

97.    Defendants failed to furnish Plaintiff with an accurate statement of wages listing hours worked, rates paid, gross wages, allowances and deductions taken, and net wages paid as required by the NYLL.

98.    Upon information and belief, Defendants did not keep accurate records of hours worked by Plaintiff.

**<u>FIRST CAUSE OF ACTION</u>**
**FLSA – Overtime Wages**

15

**(Brought on behalf of Plaintiff and the FLSA Collective)**

99.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

100.    Plaintiff and members of the FLSA Collective are non-exempt employees entitled to be paid overtime compensation for all overtime hours worked.

101.    Defendants employed Plaintiff and members of the FLSA Collective for workweeks longer than 40 hours and willfully failed to compensate Plaintiff for all of the time worked in excess of 40 hours per week, at a rate of at least 1 and ½ times their regular hourly rate, in violation of the requirements of Section 7 of the FLSA, 29 U.S.C. § 207(a)(1).

102.    Plaintiff has expressed his consent to make these claims against the Defendants by filing a written consent form, pursuant to 29 U.S.C. § 216(b).

103.    Defendants failed to make a good faith effort to comply with the FLSA with respect to its compensation to Plaintiff and the FLSA Collective.

104.    Because Defendants' violations of the FLSA were willful, a 3 year statute of limitations applies, pursuant to 29 U.S.C. § 255.

105.    As a consequence of the willful underpayment of wages, alleged above, Plaintiff has incurred damages thereby and Defendants are indebted to them in the amount of the unpaid overtime compensation, together with interest, liquidated damages, attorneys' fees, and costs in an amount to be determined at trial.

<u>**SECOND CAUSE OF ACTION**</u>
**NYLL – Unpaid Overtime**
**(Brought on behalf of Plaintiff and the members of the New York Class)**

16

106.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

107.    Defendants employed Plaintiff and members of the New York Class for workweeks longer than 40 hours and willfully failed to compensate Plaintiff and the New York Class for all of the time worked in excess of 40 hours per week, at a rate of at least 1 and ½ times their regular hourly rate, in violation of the requirements of NYLL.

108.    By the course of conduct set forth above, Defendants have violated NYLL § 650, *et seq.*; 12 N.Y.C.R.R. Part 142-2.2.

109.    Defendants failed to keep, make, preserve, maintain and furnish accurate records of time worked by Plaintiff and Class Members.

110.    Defendants have a policy and practice of refusing to pay overtime compensation for all hours worked to Plaintiff and the New York Class.

111.    Defendants' failure to pay overtime compensation to Plaintiff and the New York Class was willful within the meaning of NYLL § 663.

112.    As a consequence of the willful underpayment of wages, alleged above, Plaintiff has incurred damages thereby and Defendants are indebted to them in the amount of the unpaid overtime compensation and such other legal and equitable relief due to Defendants' unlawful and willful conduct, as the Court deems just and proper.

113.    Plaintiff seeks recovery of liquidated damages, attorneys' fees, and costs to be paid by Defendants as provided by the NYLL.

<u>**THIRD CAUSE OF ACTION**</u>
**NYLL - Failure to Pay Minimum Wage**
**(Brought on behalf of Plaintiff and the members of the New York Class)**

17

114.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

115.    At all times relevant to this action, the state minimum wage was $7.25 per hour on and after July 24, 2009; $8.00 per hour on or after December 31, 2013; $8.75 per hour on and after December 31, 2014; and $9.00 per hour on and after December 31, 2015, as codified by NYLL § 652(1); 12 N.Y.C.R.R. § 142-2.1.

116.    Defendants willfully violated Plaintiff and the New York Class' rights by failing to pay Plaintiff and the New York Class the minimum wage for all hours of work performed each week, in violation of NYLL § 650 *et seq.*

117.    Defendants violated Plaintiff and the New York Class' rights to receive their wages free and clear of all "kick-backs," as codified by NYLL § 198–b, as a result of Defendants requiring Plaintiff and members of the New York Class to pay for expenses required for the performance of their work for Defendants.

118.    Plaintiff and the New York Class were required by Defendants to use their own vehicles for deliveries and pay for all expenses related to their vehicle including maintenance and gasoline.

119.    Due to Defendants' NYLL violations, Plaintiff and the New York Class are entitled to recover from Defendants their unpaid regular wages, reasonable attorneys' fees, and costs of this action pursuant to NYLL § 663(1).

## FOURTH CAUSE OF ACTION
### NYLL – Unlawful Wage Deduction
**(Brought on behalf of Plaintiff and the members of the New York Class)**

120.    Plaintiff realleges and incorporates by reference all allegations in all preceding

18

paragraphs.

121.    Defendants knowingly, willfully, and intentionally violated NYLL Article 6, § 193 when Defendants deducted two dollars per workday from Plaintiff and the New York Class' wages for "administrative fees" in order to offset Defendants' expenses for "compliance and administrative" purposes, this internal policy constituted an unlawful reduction of Plaintiff and the New York Class's wages.

122.    Due to Defendants' violations of the NYLL, Plaintiff and the New York Class are entitled to recover from Defendants their full wages, reasonable attorneys' fees, costs, liquidated damages, and pre-judgment and post-judgment interest.

**FIFTH CAUSE OF ACTION**
**New York Labor Law – Failure to Provide Proper Hiring Wage Notices**
**(Brought on behalf of Plaintiff and the members of the New York Class)**

123.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

124.    Defendants have failed to supply Plaintiff and the members of the New York Class with proper hiring wage notices, as required by NYLL, Article 6, § 195(1), in English or in the language identified as their primary language, at the time of hiring, containing, among other items: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with section one hundred ninety-one of this article; overtime rate; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or

principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

125.    Due to Defendants' violations of NYLL, Article 6, § 195(1), Plaintiff and the members of the New York Class are entitled to statutory penalties of fifty dollars for each workday that Defendants failed to provide Plaintiff and the members of the New York Class with hiring wage notices, or a total of five thousand dollars each, and reasonable attorneys' fees and costs, as provided for by NYLL, Article 6, § 198(1-b).

**SIXTH CAUSE OF ACTION**
**NYLL – Failure to Provide Accurate Wage Statements**
**(Brought on behalf of Plaintiff and the members of the New York Class)**

126.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

127.    Defendants failed to supply Plaintiff and the members of the New York Class with an accurate statement of wages with every payment of wages as required by NYLL § 195(3), listing:   dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

128.    Due to Defendants' violations of NYLL § 195(3), Plaintiff and the members of the New York Class are entitled to statutory penalties of two hundred fifty dollars for each workday that Defendants failed to provide them with accurate wage statements, or a total of

20

five thousand dollars each, and reasonable attorneys' fees and costs, as provided for by NYLL § 198 (1-d).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of himself and all others similarly situated, seek for the following relief:

A.      That, at the earliest possible time, Plaintiff be allowed to give notice to the FLSA Collective, or that the Court issue such notice, to all persons who are presently, or have at any time during the 3 years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, been employed by Defendants as delivery drivers, or similarly situated positions.  Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

B.      Unpaid overtime pay and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor regulations;

C.      Unpaid overtime pay and liquidated damages permitted by law pursuant to the NYLL;

D.      Unpaid minimum wages and liquidated damages permitted by law pursuant to the NYLL;

E.      Unpaid wages due to unlawful deductions pursuant to the NYLL.

F.      Statutory damages, as provided for by NYLL § 198, for Defendants' violations of the notice and recordkeeping requirements pursuant to NYLL § 195;

G.      Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

H.    Designation of Plaintiff as representative of the Rule 23 Class, and counsel of record as Class Counsel;

I.    Pre-judgment interest and post-judgment interest as provided by law;

J.    Appropriate equitable and injunctive relief to remedy violations, including but not necessarily limited to an order enjoining Defendants from continuing their unlawful practices;

K.    Attorneys' fees and costs of the action;

L.    Reasonable incentive awards for Plaintiff to compensate him for the time he spent attempting to recover wages for the Class and for the risks they took in doing so; and

M.    Such other relief as this Court shall deem just and proper.

Dated: Melville, New York
        August 13, 2018

Respectfully submitted,

By:    _/s/ Troy L. Kessler_
        Troy L. Kessler

**SHULMAN KESSLER LLP**
Troy L. Kessler
Marijana F. Matura
Saranicole A. Duaban
534 Broadhollow Road, Suite 275
Melville, New York 11747
Telephone: (631) 499-9100

*Attorneys for Plaintiff and the*
*Putative FLSA Collective and*
*New York Class*